Opinion filed March 29, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00076-CR

                                                    __________

 

                                     JOE  MACK  BREED, Appellant

 

                                                             V.

 

                                       STATE  OF  TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland County, Texas

 

                                                Trial
Court Cause No. 05-20,833

 



 

                                                                   O
P I N I O N

 

The jury convicted Joe Mack Breed of the offense
of possession with intent to deliver between 4 and 200 grams of
methamphetamine.  The jury assessed
punishment at confinement for 60 years and a $10,000 fine.  We affirm. 









In his sole issue on appeal, appellant contends
that the trial court erred in denying his pretrial motion to suppress.  Appellant argues that the contraband in this
case should have been suppressed because a previous invalid detention led to
the arrest warrant in this case.  In
reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.[1]  Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997).  Because the
trial court is the exclusive fact-finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.
Crim. App. 2000).  We also give deference
to the trial court=s rulings
on mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman,
955 S.W.2d at 89.  Where such rulings do
not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions
de novo.  Id. 

The record from the hearing on the motion to
suppress shows that appellant had been placed on community supervision for a
theft offense on July 11, 2005. 
Thereafter, on August 16, 2005, appellant was stopped for a traffic
violation.  During this traffic stop, a
police canine hit on appellant=s
vehicle; drugs were found; and appellant was arrested.  On September 27, 2005, due in part to the
August 16 offense, the State filed a motion to revoke appellant=s community supervision.  Pursuant to the presentment of the motion to
revoke, the district judge ordered that a capias be issued for appellant=s arrest.  On October 3, 2005, Officer Trey Blue saw
appellant driving through town and, having prior knowledge of the warrant for
appellant=s arrest,
pulled appellant over in order to arrest him pursuant to that warrant.  Incident to the arrest, Officer Blue searched
appellant=s truck
and found a maroon zipper bag containing a baggie of crystal substance, scales,
another baggie that contained 26 smaller baggies, a straw with residue, and a
spoon with residue.

In the present case, appellant was convicted of
possessing the methamphetamine discovered in the maroon zipper bag during the
October 3 search.  Appellant sought to
suppress that evidence because the arrest warrant was based upon a motion to
revoke stemming from the August 16 incident, which allegedly involved an
invalid detention.  We need not address
the validity of the August 16 detention in this case.  








AAt
any time during the period of community supervision the judge may issue a
warrant for violation of any of the conditions of the community supervision and
cause the defendant to be arrested.  Any
supervision officer, police officer or other officer with power of arrest may
arrest such defendant.@  Tex.
Code Crim. Proc. Ann. art. 42.12, '
21(b) (Vernon 2006).  The motion to
revoke upon which the warrant for appellant=s
arrest was based included grounds for revocation other than the possession of
items discovered during the August 16 detention.  These additional grounds were that appellant
violated the terms and conditions of his community supervision by failing to
avoid persons of disreputable character, by pulling a trailer with an expired
registration that was not registered to him, and by failing to perform any of
the required community service.  These
additional grounds were sufficient to support the warrant for appellant=s arrest.  Article 42.12, section 21(b).  Because these additional violations supported
the issuance of the warrant, the warrant was valid regardless of the validity
of the prior detention.  Further, an
officer may search a vehicle incident to the lawful arrest of its occupants.  New York
v. Belton, 453 U.S.
454 (1981).  We hold that the trial court
did not err in denying appellant=s
motion to suppress because the evidence was discovered during a search incident
to a lawful arrest based upon a valid arrest warrant.  Appellant=s
issue is overruled.  

The judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J. 











[1]We note that the trial court made no findings of fact
or conclusions of law and that neither party requested them.  Consequently, we will Aimpl[y] the necessary fact findings that would support
the trial court=s ruling if the evidence (viewed in the light most
favorable to the trial court=s ruling) supports these implied fact findings.@  State v.
Kelly, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); see State v.
Cullen, 195 S.W.3d 696, 699-700 (Tex. Crim. App. 2006).